FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

17 APR -3 PM 2:53

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. |
| MICHAEL E. SALLEE, | ) | 1:17-cr-0054 TWP -DML |
| Defendant. | ) | |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Nicholas J. Linder, Assistant United States Attorney, and the Defendant, MICHAEL E. SALLEE, in person and by counsel, Joseph M. Cleary, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

**GUILTY PLEA AND CHARGE(S)**

1. **Plea of Guilty to the Information:** The Defendant agrees to waive formal indictment and to plead guilty to Count 1 of the Information, which charges the Defendant with Mail Fraud, in violation of 18 U.S.C. § 1341.

2. **Potential Maximum Penalties**: The Defendant understands that a violation of 18 U.S.C. § 1341, as charged in the Information, is punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and three (3) years' supervised release following the term of imprisonment.

3. **Elements of the Offense:** To sustain a conviction for a violation of 18 U.S.C. § 1341, as charged in the Information, the government would need to prove each of the following elements beyond a reasonable doubt:

FIRST: That the Defendant knowingly devised or participated in a scheme to defraud, as described in the Information;

SECOND: That the Defendant did so with the intent to defraud;

THIRD: That the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

FOURTH: That for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States Mails or a private or commercial interstate carrier to take place.

## GENERAL PROVISIONS

4. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

5. **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6. **Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7. **No Limitation on Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information

concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

8. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant for the conduct described in the Information based on information currently known to the United States Attorney for the Southern District of Indiana.

9. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

10. **Good Behavior Requirement:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws. Additionally, the Defendant agrees to fully comply with all conditions of release during any and all stages of this case, should such conditions be imposed by the Court. If the Defendant violates any state or federal law, or fails to fully comply with conditions of release, then the Government may at its sole discretion withdraw from this Plea Agreement.

## SENTENCE OF IMPRISONMENT

11. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

a. **Government's Recommendation**: The Government has agreed to recommend a term of imprisonment at the low end of the advisory Guidelines range, as calculated by the Court, ***provided that*** the Defendant (a) continues to fully accept responsibility for the offense and does not falsely deny or frivolously contest relevant conduct that the Court determines to be true, (b) does not commit a new criminal offense before the date of sentencing, and (c) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

b. **Defendant's Recommendation**: The Defendant is free to ask for any sentence, including one below the advisory Guidelines range.

12. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

13. **No Appeal of Supervised Release Term and Conditions**: As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**MONETARY PROVISIONS AND FORFEITURE**

14. **Mandatory Special Assessment:** The Defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

15. **Fine:** The United States agrees not to request the imposition of a fine in light of the amount of mandatory restitution owed. The Defendant understands that the amount and payment terms of any fine will be determined by the Court.

16. **Restitution.** The parties understand and agree that federal law requires mandatory restitution for the offense charged in Count 1. *See* 18 U.S.C. § 3663A(c)(1)(ii). Pursuant to 18 U.S.C. § 3663(a)(3), the parties further stipulate and agree that the Defendant's criminal conduct, including relevant conduct, caused a monetary loss to the victim of $1,193,781.90. The parties also stipulate and agree that the Defendant has, to date, made payments to the victim totaling $168,280.13, and thus the amount of restitution should be reduced by that amount. Accordingly, the parties stipulate and agree that the Court should order the Defendant to pay restitution in the amount of $1,025,501.77 to the victim.

17. **Obligation to Pay Financial Component of Sentence**: If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons. The Defendant would have a continuing obligation to pay the financial component of the sentence. The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes

the Financial Litigation Unit to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution imposed by the Court.

## FACTUAL BASIS FOR GUILTY PLEA

18. **Stipulated Factual Basis:**

a. The Defendant admits that each and every fact alleged in the Information is true.

b. The parties further stipulate and agree that the United States could prove each and every fact alleged in the Information to a jury beyond a reasonable doubt if the case went to trial. The parties further stipulate and agree that such facts establish a sufficient factual basis for the Defendant's plea of guilty to the offenses set forth in Paragraph 1, above.

c. The parties acknowledge that such facts are only a summary of the government's evidence. The parties reserve the right to present additional evidence at the time of sentencing, if they so choose. This paragraph is not intended to foreclose the presentation of such additional evidence.

## SENTENCING GUIDELINE STIPULATIONS

19. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a. **Base Offense Level:** The parties stipulate that the **base offense level is 7,** pursuant to U.S.S.G. § 2B1.1(a)(1).

b. **Specific Offense Characteristic – Loss:** The parties stipulate that loss attributable to the Defendant's criminal conduct totaled $1,193,781.90. Accordingly, the offense level is **increased by 14 levels**, pursuant U.S.S.G. § 2B1.1(b)(1)(H).

c. **Abuse of Position of Trust:** The parties stipulate that the Defendant occupied a position of public or private trust and abused that position in a manner that significantly facilitated the commission and concealment of the offense. Accordingly, the offense level is **increased by 2 levels**, pursuant U.S.S.G. § 3B1.3.

d. **Acceptance of Responsibility:**

i. To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a two (2) level reduction

*provided* the Defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing, including that the Defendant shall not falsely deny or frivolously contest relevant conduct that the Court determines to be true.

ii. Further, the Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

e. **Final Offense Level:** Assuming 3-level reduction for full acceptance of responsibility, the parties stipulate that the Defendant's final offense level is 20.

## WAIVER OF RIGHT TO APPEAL

20. **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the *conviction* imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further agrees that in the event the Court sentences the Defendant to **a term of imprisonment of 57 months or less**, regardless of how the sentence is calculated by the Court, then the Defendant expressly waives the Defendant's right to appeal the *sentence* imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release, and the amount of any restitution or fine.

21. **Collateral Attack:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the Defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the Defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district

court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

22. **No Appeal of Supervised Release Term and Conditions**: The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## PRESENTENCE INVESTIGATION REPORT

23. The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

24. The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## STATEMENT OF THE DEFENDANT

25. By signing this document, the Defendant acknowledges the following:

a. I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c. I have read the entire Plea Agreement and discussed it with my attorney.

d. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e. Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I hope to receive probation, but am prepared to accept any punishment permitted by law which the Court may see fit to impose. However, I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will

address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i. I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I

understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

l. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

## CERTIFICATE OF COUNSEL

26. By signing this document, the Defendant's attorney and counselor certifies as follows:

a. I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

b. To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

c. The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

d. In my opinion, the Defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e. In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## FINAL PROVISION

27. **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

3/28/17
DATE

Nicholas J. Linder
Assistant United States Attorney

3-28-17
DATE

Winfield D. Ong
Chief, Criminal Division

3-9-2017
DATE

MICHAEL E. SALLEE
Defendant

3/27/2017
DATE

Joseph M. Cleary
Attorney for the Defendant